GLENN, Substituted Trustee, *v.* MACON and others.[1]

(*Circuit Court, E. D. Louisiana.* May 30, 1887.)

CORPORATIONS—RECEIVER—CONSTRUCTION OF ORDER—ASSESSMENTS.

In a suit brought by a stockholder, on behalf of himself and of other stockholders who may join him in the suit, against the corporation, its directors and superintendent, seeking an injunction to prevent waste, and asking for a receiver, a receiver was appointed, and the order contained these words: "And, if there shall be any sums due upon the shares of the capital stock of said company, the said receiver will proceed to collect and recover the same, unless the persons from whom the said sums may be due shall be wholly insolvent, and for this purpose may prosecute actions," etc. *Held*, that the authority intended to be conferred was merely to bring suit in case the court should levy an assessment, and that the order of itself did not amount to a call, from which prescription would begin to run.

On Motion for New Trial.
*Alfred Goldthwaite*, for plaintiff.
*Thomas J. Semmes* and *James Legendre*, for defendants.

BILLINGS, J. This action is brought for the recovery of 70 per cent. of the subscription, as shareholders, against numerous citizens of this state. All other questions having been adjudged, the remaining question is to be considered whether the order appointing a receiver, and defining his powers, in the case of *Reynolds* v. *National Exp. & Transp. Co.*, formerly pending in the circuit court for the Fourth circuit of the United States, district of Virginia, on January 12, 1867, amounted to a call upon the stockholders for the full amount of their subscriptions for stock. The question is, did the order or decree amount to any call at all? If it did, then it is conceded prescription began to run, and the action would, to the extent of the call, be barred.

That suit is an action instituted by Reynolds as a stockholder, he owning, as he alleges, 50 shares of the stock of the corporation, in behalf of himself and the other stockholders who may join him in the suit against the corporation, its directors and superintendent. The suit was an injunction suit to prevent waste by paying usurious interest and by gross negligence. A receiver is also asked for, and was appointed. The order appointing the receiver is in the usual form, and contains these words: "And, if there shall be any sums due upon the shares of the capital stock of the said company, the said receiver will proceed to collect and recover

[1]Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

the same, unless the persons from whom the said sums may be due shall be wholly insolvent, and for this purpose may prosecute actions," etc. The bill further states that the directors are about to sell the stock of the plaintiff himself and others, though it does not state whether for an unpaid assessment or for some other cause. It appears that the capital stock of the company was $5,000,000.

It seems to me that the language, "and if there shall be any sums due," etc., must be construed by the considerations coming from the nature of and parties to the suit. The suit is brought by a stockholder to prevent waste, and to wind up the affairs of a corporation. The amount of indebtedness is not alleged, further than that the corporation is averred to be insolvent. The creditors are not complainants. Nobody is a party or is asked to become a party complainant except stockholders. Under these circumstances, and upon these facts, I construe the language giving the receiver power to bring suit—i. e., the words "if there shall be any sums due upon the shares of the capital stock"—to mean to bring suits, "or if in the course of litigation the court shall order any assessment." It was intended by these words not to levy an assessment, but to give authority to collect whatever assessments should thereafter be levied. My opinion is that there was here no action of the court making what is termed a "call" or assessment upon the stockholders for the payment of their subscriptions. Therefore I must still hold that the plea of prescription is overruled. It follows that judgment must go for the plaintiff.

As to the time of entering this judgment. None of these numerous causes are appealable. This is a suit brought by a trustee to wind up the affairs of a corporation whose debtors reside in many states. There will be no inconvenience caused to him if there should be a delay in entering these judgments, provided there is security given. Therefore a motion may be made, at any time within 10 days, by any of the defendants, upon their giving bond with security for the payment of any judgment which shall be ultimately rendered against them in the cause. Upon such motion being made, and such a bond being given, (say to exceed by one-fourth the amount claimed in the petition,) the court will take under advisement the motion, and hold the same until the question of rescission of the order to pay the assessment is passed upon in the appellate chancery court in Virginia. In the other cases judgment will be entered and signed at the end of 10 days.